UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAUL RUFF, CDCR #E-74808,<br><br>         Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; P. CORTEZ; C. STUART; R. CENTENO,<br><br>         Defendants. | Case No.:  3:17-cv-2030-WQH-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

## I. Procedural History

On October 3, 2017, David Paul Ruff ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff filed a Motion for Restraining Order (ECF No. 6), along with a certified copy of his inmate trust account statement which the Court liberally construed to be a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 8).

On November 21, 2017, the Court GRANTED Plaintiff's Motion to Proceed IFP, DISMISSED his Complaint for failing to state a claim upon which relief could be granted, and DENIED his Motion for Temporary Restraining Order. (ECF No. 9 at 10–11.)

Plaintiff was given forty-five (45) days leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 10.) Rather than submit his amended pleading in this time frame, Plaintiff sought, and received, four (4) extensions of time to file his amended complaint. (ECF Nos. 11–12, 14–15, 17, 19–20.) On May 29, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 22.)

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff's FAC contains few coherent and specific factual allegations relating to his claim that Defendants have violated his Eighth Amendment rights. In his FAC, Plaintiff seeks relief in the form of a request that "single cell status be granted permanently because of incontinent issues." (FAC at 11.) Plaintiff filed an administrative grievance on January 24, 2108 in which he claims that he "leaks urine in his awake hours, and while sleeping at night wetting his bed." (*Id.* at 12–14, Inmate/Parolee Appeal, Log No. RJD-C-18-0362, dated Jan. 24, 2018.) Plaintiff sought single cell status claiming that his incontinence makes him vulnerable to "in cell violence" by other inmates. (*Id.* at 14.)

On February 8, 2018, Defendant Paramo issued a "Second Level Appeal Response," denying Plaintiff's request for single cell status. (*Id.* at 19–20, Second Level Appeal Response Log No. RJD-C-18-00362, dated Feb. 8, 2018).

### C. Eighth Amendment

Plaintiff claims that his Eighth Amendment rights are being violated by Defendants' failure to provide him with permanent single cell status due to his alleged incontinence issues. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must

3

3:17-cv-2030-WQH-KSC

allege facts sufficient to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's FAC contains no specific factual allegation that would suggest he is in any danger while housed in a double cell. Plaintiff's FAC is devoid of any specific factual allegation from which the Court might reasonably infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone a substantial one, from any other inmate. *Iqbal*, 556 U.S. at 678; *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur"); *Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'").

Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference" that Defendants knew he faced a substantial risk of danger if double-celled, and yet chose to ignore that risk. *Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 847.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It requires plausible allegations describing a state of mind more blameworthy than negligence and sufficient to show more than a "mere suspicion" that an attack might occur. *See Berg*, 794 F.2d at 459; *Farmer*, 511 U.S. at 835 (citing *Estelle v. Gamble*, 429 U.S. 89, 104 (1976)). "[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *See Farmer*, 511 U.S. at 844.

Thus, the Court finds Plaintiff's Amended Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### III. Conclusion and Orders

Based on the foregoing the Court:

1) **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

///
///
///
///
///
///

2) The Clerk of Court is directed to mail a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: July 10, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court